On Remand from the Alabama Supreme Court

KELLUM, Judge.
The appellant, Carl Brad Ward, appealed from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged his 1991 conviction for murder and the resulting sentence of life imprisonment. Specifically, Ward alleged that newly discovered material facts — reports of forensic tests that excluded him as a person who had handled a cigarette butt that had been used at trial to link him to *730 the crime scene — required that his conviction be vacated. This Court affirmed, by unpublished memorandum, the circuit court’s judgment denying Ward’s petition for postconviction relief on the basis that Ward failed to meet several of the criteria under Rule 82.1(e), Ala. R.Crim. P., to warrant relief on a claim of newly discovered evidence and that Ward’s petition was insufficiently pleaded. See Ward v. State, 57 So.3d 210 (Ala.Crim.App.2009) (table).
Ward petitioned the Alabama Supreme Court for certiorari review, arguing, among other things, that he had met his burden of pleading newly discovered material facts, and thus, that he was entitled an opportunity to present evidence in order to satisfy his burden of proof. The Supreme Court granted certiorari review, and on June 8, 2011, reversed this Court’s judgment, holding that Ward had sufficiently pleaded a claim of newly discovered material facts and that he was entitled to an opportunity to prove his allegations in light of the newly discovered forensic test results on the cigarette butt found at the crime scene. Ex parte Ward, 89 So.3d 720, 721-29 (Ala.2011).
In accordance with the Supreme Court’s opinion, we remand this case to the circuit court for that court to conduct an eviden-tiary hearing on Ward’s allegation of newly discovered evidence. In lieu of an eviden-tiary hearing, the circuit court may take evidence by affidavits, written interrogatories, or depositions, as provided in Rule 32.9, Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Ward’s claim in accordance with Rule 32.9(d), Ala. R.Crim. P.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the circuit court, together with the circuit court’s written findings of fact.
REMANDED WITH INSTRUCTIONS.*
WELCH, P.J., and WINDOM, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On January 27, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.